UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTINA SELVAGGIO,

                    Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

MEMORANDUM & ORDER

09-CV-230 (NGG)

---------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Christina Selvaggio ("Selvaggio"), *pro se*, brings this action under 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Social Security Administration's ("SSA's") denial of her claim for disability insurance benefits ("DIB"). (Compl. (Docket Entry # 1).) The Commissioner moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Def.'s Mot. (Docket Entry # 14).) As set forth below, the court grants the Commissioner's motion.

I. STANDARD OF REVIEW

    A. Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review under a Rule 12(c) motion is the same standard applied under a Rule 12(b)(6) motion. Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A court is required "to accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem.

1

Co., 517 F.3d 104, 115 (2d Cir. 2008). In addition to the pleadings, the court may consider "statements or documents incorporated by reference in the pleadings . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." ATSI Commc'ns, Inc. v. Schaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Where a plaintiff proceeds *pro se*, the court reads her submissions liberally and interprets them as raising the strongest arguments they suggest. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, "although [courts] construe *pro se* submissions liberally, [they] do not create arguments out of whole cloth." United States v. Bethea, No. 09-4125-cr, 2010 WL 2803086, at *1 (2d Cir. July 19, 2010).

B. Administrative Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009). "[I]t is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998). "Legal error" consists of incorrect determinations on points of statutory or regulatory law made by the Commissioner. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984). In assessing a legal determination made by the Commissioner, "[the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ. Failure to apply the correct legal standards is grounds for reversal." Id.

## II. BACKGROUND

Selvaggio was born on July 20, 1967. (Administrative Transcript ("Tr.") (Docket Entry # 8) at 75.) On February 26, 2007, Selvaggio filed a claim for DIB and supplemental security income ("SSI") alleging a disability onset date of April 21, 1999. (Id. at 75-78.) The Commissioner allowed her SSI claim beginning February 26, 2007. (Id. at 372-95.) The Commissioner denied her DIB for disability before that date, however. (Id. at 79-82.) Selvaggio requested a hearing before an Administrative Law Judge ("ALJ"). (Id. at 83-84.) On June 5, 2008, ALJ Robert Dorf held a hearing regarding Selvaggio's claim. (Id. at 407-26.) Subsequent to the hearing, Selvaggio requested that ALJ Dorf recuse himself from the proceedings; he did. (See id. at 23.) On June 25, 2008, ALJ Newton Greenberg held another hearing and rereviewed Selvaggio's claim. (Id. at 21-45.) On July 23, 2008, the ALJ issued an unfavorable decision. (Id. at 14-20.) Selvaggio then sought review before the SSA Appeals Council, which denied her request on November 17, 2008. (Id. at 1-3.) By operation of 42 U.S.C. § 405(g), this became the final judgment of the Commissioner. Selvaggio timely filed her Complaint on January 15, 2009. See 42 U.S.C. § 405(g).

## III. DISCUSSION

### A. Standard of Review for Determining Disability

To determine whether a claimant is entitled to SSI or DIB, an ALJ utilizes a five-step analysis, as set forth in 20 C.F.R. § 404.1520(a)(4). The Second Circuit, in Dixon v. Shalala, described this five-step analysis:

> The first step in the sequential process is a decision whether the claimant is engaged in "substantial gainful activity." If so, benefits are denied.
>
> If not, the second step is a decision whether the claimant's medical condition or impairment is "severe." If not, benefits are denied.

3

If the impairment is "severe," the third step is a decision whether the claimant's impairments meet or equal the "Listing of Impairments" . . . of the social security regulations. These are impairments acknowledged by the Secretary to be of sufficient severity to preclude gainful employment. If a claimant's condition meets or equals the "listed" impairments, he or she is conclusively presumed to be disabled and entitled to benefits.

If the claimant's impairments do not satisfy the "Listing of Impairments," the fourth step is assessment of the individual's "residual functional capacity," i.e., his capacity to engage in basic work activities, and a decision whether the claimant's residual functional capacity permits him to engage in his prior work. If the residual functional capacity is consistent with prior employment, benefits are denied.

If not, the fifth and final step is a decision whether a claimant, in light of his residual functional capacity, age, education, and work experience, has the capacity to perform "alternative occupations available in the national economy." If not, benefits are awarded.

54 F.3d 1019, 1022 (2d Cir. 1995).

## B. The ALJ's Decision

Under step one of the analysis, the ALJ found that Selvaggio did not engage in substantial gainful activity during her alleged disability period. (Tr. at 16.) Under step two, the ALJ found that Selvaggio suffered from the following severe medical impairments: depression, anxiety, postconcussion syndrome, and pseudo seizure disorder. (Id.) And under step three, the ALJ concluded that none of Selvaggio's medically severe impairments met or exceeded the Listing of Impairments. (Id.) Neither the Commissioner nor Selvaggio dispute any of these findings.

Construed liberally, Selvaggio opposes the Commissioner's motion on the grounds that, under step four, the ALJ did not take into account a November 11, 2002 medical opinion of Drs. William Barr and Chris Morrison. (Pl.'s Opp'n (Docket Entry # 15) at 1-2.) The ALJ's decision notes that Selvaggio "underwent neuropsychological testing in November 2002," and that "[t]he doctors opined that the claimant had some cognitive difficulties related to her depression and

4

anxiety." (Tr. at 18.) Although the ALJ's decision does not specify the "doctors" who authored the November 2002 report, the only neuropsychological opinion from November 2002 present in the record is Drs. Barr's and Morrison's. The ALJ, therefore, reviewed these opinions in his decision. While this report could arguably be read to substantiate Selvaggio's claim, "it is up to the agency, and not [the] court, to weigh the conflicting evidence in the record." Clark, 143 F.3d at 118. The ALJ did not commit legal error in reviewing the report of Drs. Barr and Morrison, nor did he base his decision on less than substantial evidence. Without other arguments presented by the parties, the court will grant the Commissioner's motion for judgment on the pleadings.

## IV.  CONCLUSION

For the reasons discussed above, Defendant's Motion for Judgment on the Pleadings is GRANTED.

SO ORDERED.                                             s/Nicholas G. Garaufis

Dated: Brooklyn, New York                               NICHOLAS G. GARAUFIS
December 22, 2010                                       United States District Judge

5